```
                                            ┌─────────────────────────────────┐
                                            │ USDC SDNY                        │
UNITED STATES DISTRICT COURT                │ DOCUMENT                         │
SOUTHERN DISTRICT OF NEW YORK               │ ELECTRONICALLY FILED             │
-----------------------------------X        │ DOC #: _____          │
UNITED STATES OF AMERICA            :       │ DATE FILED: 06/15/2021           │
                                    :       └─────────────────────────────────┘
     -against-                      :          No. 18 Cr. 455 (JFK)
                                    :       No. 20 Civ. 4124 (JFK)
JOHNNY ALVALLE,                     :
                                    :            OPINION & ORDER
                        Defendant.  :
-----------------------------------X
```

APPEARANCES

FOR DEFENDANT JOHNNY ALVALLE:
    Pro Se

FOR THE UNITED STATES OF AMERICA:
    Micah F. Fergenson
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

Before the Court are pro se motions by Defendant Johnny
Alvalle to (1) vacate, set aside, or correct his sentence
pursuant to 28 U.S.C. § 2255 (ECF No. 36); and (2) reduce his
sentence and order his immediate release pursuant to 18 U.S.C.
§ 3582(c)(1)(A), commonly known as the compassionate release
statute (ECF No. 46).  The Government opposes both requests.

For the reasons set forth below, Alvalle's motions are
DENIED.

   **I.  Background**

   Unless otherwise noted, the following is taken from the
materials the parties submitted; Alvalle's Presentence
Investigation Report, revised April 24, 2019 ("PSR", ECF No. 28);
and the transcripts of Alvalle's January 31, 2019 plea ("Plea

Tr.", ECF No. 26) and May 2, 2019 sentencing ("Sent. Tr.", ECF No. 34).  In ruling on Alvalle's requests, the Court has considered the arguments advanced in his pro se motions (ECF Nos. 36, 46); the Government's letters in opposition (ECF Nos. 40, 48); and Alvalle's replies (ECF Nos. 44, 49).

On January 31, 2019, Alvalle pleaded guilty, pursuant to a plea agreement, to possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1); distribution of and possession with intent to distribute heroin, fentanyl, and cocaine, in violation of 21 U.S.C. § 841(b)(1)(C); and possession of a firearm in furtherance of a narcotics offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  The charges stemmed from Alvalle's arrest in the Bronx pursuant to two open and active warrants.  Upon taking Alvalle into custody, law enforcement informed him of his Miranda rights, after which he was interviewed by one of the officers.  When asked whether he had any weapons on him, Alvalle responded that he had a gun in the closet of his apartment.  Alvalle consented to a search of the apartment during which law enforcement officers recovered a Rock River Arms 5.56x45 MM NATO caliber semi-automatic assault rifle and ammunition, and approximately 251 grams of marijuana, 42 grams of heroin, 24 grams of cocaine, and 38 grams of fentanyl.  During his plea allocution, Alvalle testified under oath as follows:

THE DEFENDANT:  On October 12, 2017, I possessed a firearm after having been previously convicted of a felony offense in New York.  I knew that what I was doing was wrong.

THE COURT:  On Count Two, the possession of the narcotics with intent to distribute.

THE DEFENDANT:  On October 12, 2017, I possessed a quantity of narcotics, some of which I sold.  When I possessed the drugs[,] I knew that what I was doing was wrong.

THE COURT:  And were the drugs some heroin, some cocaine, and some fentanyl?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  And as to Count Three, that's the possession of the firearm in furtherance of the drug trafficking.  What did you do there?

THE DEFENDANT:  On October 12, 2017, I possessed a firearm in my apartment where I also possessed a quantity of drugs.  I possessed a firearm because I was concerned that I would be robbed.

THE COURT:  Robbed of the drugs?

THE DEFENDANT:  Yes.

(Plea Tr. at 18:15–19:9.)

Alvalle's sentencing occurred on May 2, 2019, during which the Court found a Guidelines sentencing range of 41–51 months on the first two counts of conviction and 60 months' incarceration on the third count.  (Sent. Tr. at 25:18–23.)  "All sentences require a lot of thought and a lot of attention," the Court explained.  (Id. at 26:3–4.)  Although the Government sought an above-Guidelines sentence due to Alvalle's history and characteristics and the type of firearm he possessed, the Court explained that it was "going to vary a little bit downward.  Not as far as [the defense] wants, but a little bit."  (Id. at 26:6–

7.)  Accordingly, the Court sentenced Alvalle to a below-Guidelines total sentence of 90 months' incarceration on the three counts to be followed by three years' supervised release. (Id. at 26:8-18.)  Alvalle did not file a direct appeal.  To date, Alvalle has served approximately 37 months of his sentence. He is scheduled for release on September 28, 2024. See Find an Inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 15, 2021).

On May 28, 2020, Alvalle filed a pro se motion to vacate his conviction in light of Rehaif v. United States, 588 U.S. ---, 139 S. Ct. 2191 (2019), which clarified the mens rea requirement for firearms-possession offenses, including the offense of being a felon-in-possession.  After Rehaif, the Government must prove not only that the defendant knew he possessed a firearm, but also that he knew he was a felon when he possessed it. See Greer v. United States, --- U.S. ---, No. 19-8709, 2021 WL 2405146, at *2 (U.S. June 14, 2021).  On July 31, 2020, the Government opposed Alvalle's habeas petition as both procedurally defaulted and meritless.  Alvalle filed a reply on September 9, 2020.

On May 10, 2021, while his habeas petition was pending, Alvalle filed a pro se motion seeking a reduction in sentence and his immediate compassionate release due to the pandemic caused by the coronavirus, COVID-19.  Alvalle's motion explained that he has already once contracted COVID-19 and he is deeply worried

about his well-being should he contract the disease again.
Alvalle's motion also requested compassionate release because his
mother suffers from serious health issues and she needs him to
serve as her caregiver.  The Court ordered the Government to
respond, and on May 18, 2021, the Government opposed Alvalle's
request on the grounds that no extraordinary and compelling
reasons support his immediate release which, in any event, would
be inappropriate under the factors set forth in 18 U.S.C.
§ 3553(a).  The Government's opposition noted that, on March 11,
2021, Alvalle was offered the Moderna COVID-19 vaccine, but he
refused it.  Alvalle filed a reply on June 10, 2021.

## II. Discussion

"[P]ro se litigants generally are entitled to a liberal
construction of their pleadings, which should be read 'to raise
the strongest arguments that they suggest.'" Green v. United
States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v.
Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).  The Court addresses
each of Alvalle's pro se motions in turn below.

### A. Alvalle's request for habeas relief

#### 1. Legal standard

Pursuant to 28 U.S.C. § 2255, a prisoner sentenced in
federal court "may move the court which imposed the sentence to
vacate, set aside or correct the sentence" if the prisoner claims
that "the sentence was imposed in violation of the Constitution

or laws of the United States, or that the court was without

jurisdiction to impose such sentence, or that the sentence was in

excess of the maximum authorized by law, or is otherwise subject

to collateral attack." 28 U.S.C. § 2255(a).  "In general, a

defendant is barred from collaterally challenging a conviction

under § 2255 on a ground that he failed to raise on direct

appeal.  An exception applies, however, if the defendant

establishes (1) cause for the procedural default and ensuing

prejudice or (2) actual innocence." United States v. Thorn, 659

F.3d 227, 231 (2d Cir. 2011) (internal citations omitted).

### 2.  Analysis

Alvalle argues that his felon-in-possession conviction must

be vacated because the Government was required to "show that [he]

knew he possessed a firearm and also that he knew he had the

relevant status when he possessed it." Rehaif, 588 U.S. at ---,

139 S. Ct. at 2194.  The Government counters that Alvalle's

request is procedurally barred because he did not raise the claim

on direct appeal and because Alvalle fails to demonstrate cause

and prejudice, or actual innocence, which would overcome such

default.  The Court agrees with the Government.

First, as discussed in Alvalle's PSR and during his

sentencing on May 2, 2019, Alvalle had numerous prior adult

criminal convictions before his arrest in this case, including a

conviction in November 2006 for assault with the intent to cause

serious physical injury for which Alvalle served almost five years in prison.  (PSR ¶ 37; Sent Tr. at 10:22–12:22, 21:19–22:17.)  In that case, Alvalle fired a handgun at another person, striking the victim in his right thigh and left knee.  (PSR ¶ 37.)  Alvalle was paroled in February 2010 and discharged from parole five years later in February 2015.  (Id.)  Accordingly, Alvalle cannot demonstrate actual prejudice or actual innocence sufficient to excuse his procedural default: Alvalle's "status as a convicted felon was clear . . . . As a result, there was 'no realistic defense' that [he] did not know that he had previously been convicted of a crime punishable by more than one year in prison; the Government easily could have proven as much had it known it was required to do so." Rosario Figueroa v. United States, No. 16 Civ. 4469 (VEC), 2020 WL 2192536, at *6 (S.D.N.Y. May 6, 2020) (internal citation omitted) (denying analogous request for habeas relief).

Second, on June 14, 2021, the United States Supreme Court provided further clarity to its holding in Rehaif, issuing Greer v. United States which ruled that "[i]n felon-in-possession cases, a Rehaif error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." --- U.S. at ---, 2021 WL 2405146, at *7.  As discussed above, Alvalle was

convicted of a crime punishable by more than one year in prison—
indeed, he served a five-year prison sentence for it.  Moreover,
during his plea allocution, Alvalle testified that he "possessed
a firearm after having been previously convicted of a felony
offense in New York," and he "knew that what [he] was doing was
wrong."  (Plea Tr. at 18:15–17; see also Sent Tr. at 24:14–16
(Alvalle explaining that "I know what I did was wrong, and I know
I deserve some punishment for it, and I'm willing to accept my
responsibilities and deal with the situation at hand").)
Accordingly, the record provides ample evidence that Alvalle had
the requisite knowledge of his status when he unlawfully
possessed the firearm at issue in this case. See Greer, --- U.S.
at ---, 2021 WL 2405146, at *5 ("[A]s the Fifth Circuit aptly
stated, demonstrating prejudice under Rehaif 'will be difficult
for most convicted felons for one simple reason:  Convicted
felons typically know they're convicted felons.'") (quoting
United States v. Lavalais, 960 F.3d 180, 184 (5th Cir. 2020)).
Alvalle's request for habeas relief, even if not procedurally
defaulted, is without merit. See id. at *4 ("[I]f a defendant was
in fact a felon, it will be difficult for him to carry the burden
on plain-error review of showing a 'reasonable probability' that,
but for the Rehaif error, the outcome of the district court
proceedings would have been different."); United States v.
Sumlin, No. 18 Cr. 682 (SHS), 2020 WL 3318207, at *4 (S.D.N.Y.

June 18, 2020) (denying habeas relief where "the record not only
lacks any indication that [the defendant] lacked knowledge of his
status as a felon barred from possessing a firearm but in fact
confirms that he had such knowledge").

### B. Alvalle's request for compassionate release

#### 1. Legal standard

18 U.S.C. § 3582(c)(1)(A) allows a court to modify a term of
imprisonment "upon motion of the defendant" provided the
defendant has exhausted certain administrative requirements. 18
U.S.C. § 3582(c)(1)(A).  Under these circumstances, a court may
reduce the defendant's sentence if it finds that "extraordinary
and compelling reasons warrant such a reduction" and "such a
reduction is consistent with applicable policy statements issued
by the Sentencing Commission." Id. § 3582(c)(1)(A)(i).  In doing
so, the Court must also consider "the factors set forth in [18
U.S.C. §] 3553(a) to the extent that they are applicable." Id.
§ 3582(c)(1)(A).  "Application of the § 3553(a) factors requires
an assessment of whether the relevant factors outweigh the
extraordinary and compelling reasons warranting compassionate
release and whether compassionate release would undermine the
goals of the original sentence." United States v. Daugerdas, ---
F. Supp. 3d ---, No. 09 Cr. 581 (WHP), 2020 WL 2097653, at *4
(S.D.N.Y. May 1, 2020) (alterations and internal quotation marks

omitted) (quoting <u>United States v. Ebbers</u>, 432 F. Supp. 3d 421, 430-31 (S.D.N.Y. 2020)).

In the Second Circuit, the policy statement issued by the U.S. Sentencing Commission pertaining to compassionate release, section 1B1.13 of the Sentencing Guidelines, "is not 'applicable' to compassionate release motions brought by defendants," and "cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." <u>United States v. Brooker</u>, 976 F.3d 228, 236 (2d Cir. 2020).  Accordingly, as the court in <u>United States v. Harris</u>, No. 15 Cr. 445 (PAE), 2020 WL 5801051 (S.D.N.Y. Sept. 29, 2020), explained:

> when assessing a motion brought directly by an imprisoned person rather than by the [Bureau of Prisons], the Court is constrained neither by [§] 1B1.13's enumeration of extraordinary and compelling reasons, nor by its freestanding requirement that the defendant seeking release not pose any danger to the community.  Rather, the Court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release." However, even if such reasons are present, the Court must also assure itself that release is consistent with "the factors set forth in section 3553(a) to the extent that they are applicable."

<u>Id.</u> at *2 (footnote and internal citations omitted).

## 2.  Analysis

The Court is sympathetic to the heightened risk certain individuals face from COVID-19, and it has, on very limited occasions, modified an incarcerated defendant's sentence for such reasons. <u>See</u> <u>United States v. Smith</u>, 454 F. Supp. 3d 310, 315

(S.D.N.Y. 2020) (granting release to medically "high risk" and non-violent 62-year-old who suffered from asthma, high cholesterol, blood clots, a thyroid condition, and suspected multiple myeloma); but see United States v. Kerrigan, No. 16 Cr. 576 (JFK), 2020 WL 2488269, at *4 (S.D.N.Y. May 14, 2020) (denying release to non-violent 43-year-old with obesity, liver disease, and high blood pressure).  Nevertheless, after considering the 3553(a) factors in this case, the Court is not persuaded that extraordinary and compelling reasons exist to reduce Alvalle's sentence.  Accordingly, Alvalle's motion must be denied. See 18 U.S.C. § 3582(c) (stating a court "may not modify a term of imprisonment once it has been imposed" without a finding that "extraordinary and compelling reasons warrant such a reduction").

First, Alvalle has failed to articulate a sufficiently extraordinary or compelling reason why his sentence should be reduced.  As an initial matter, the Court is sensitive to Alvalle's mother's serious medical issues, but here, such issues do not give rise to sufficiently extraordinary and compelling grounds for a sentence modification where Alvalle has only served 37 months of his already-below-Guidelines 90-month sentence. Likewise, neither does the COVID-19 pandemic where Alvalle is 38 years old—significantly younger than the Centers for Disease Control and Prevention's ("the CDC") former high-risk cutoff age

of 65—and where he does not suffer from a serious health
condition looked to by courts in this context, such as cancer or
immunocompromization. See People at Increased Risk, Ctrs. for
Disease Control & Prevention,
https://www.cdc.gov/coronavirus/2019-ncov/need-extra-
precautions/index.html (last visited June 15, 2021) see also,
e.g., United States v. Mood, No. 19 Cr. 113 (VB), 2020 WL
3256333, at *1 (S.D.N.Y. June 16, 2020) (denying release to 53-
year-old with diabetes, elevated blood pressure, and obesity
where "[t]here is no question that [the defendant] has health
issues, but his condition is stable and has been effectively
managed by routine monitoring and medication"); United States v.
Skelos, No. 15 Cr. 317 (KMW), 2020 WL 2508739, at *2 (S.D.N.Y.
May 15, 2020) ("Defendant has not demonstrated the existence of
extraordinary and compelling circumstances in his case.
Defendant is 37 years old, and thus faces a relatively low risk
of hospitalization or death from COVID-19.") (collecting
sources).  "The current COVID-19 pandemic is an unprecedented
worldwide catastrophe.  But it does not warrant the early release
of sentenced inmates in federal prisons convicted of serious,
dangerous offenses, like [the defendant], whose medical
conditions and risk of contracting the virus cannot be deemed
'extraordinary and compelling.'" Mood, 2020 WL 3256333, at *1;
see also United States v. Rodriguez-Francisco, No. 13 Cr. 233

(VB), 2021 WL 326974, at *2 (S.D.N.Y. Feb. 1, 2021) (explaining
that "a sentence reduction based on the risk of contracting
[COVID-19] again makes no sense" where the defendant tested
positive for the virus in December 2020 and, although he claimed
"to have lingering effects," "his risk of reinfection is
extremely low" "because he has already had (and fortunately
recovered from) the disease") (citing the CDC's website).

 Second, and decisive here, even if Alvalle's incarceration
during his mother's illness or the COVID-19 pandemic provided
extraordinary and compelling reasons for a sentence reduction—
which the Court would be hard-pressed to conclude in light of
Alvalle's voluntary refusal of an approved vaccine that is "safe
and effective at preventing COVID-19," "make[s] it substantially
less likely [Alvalle] will get COVID-19," and will "help[] keep
[him] from getting seriously ill even if [he] do[es] get COVID-
19," Benefits of Getting a COVID-19 Vaccine, Ctrs. for Disease
Control & Prevention, https://www.cdc.gov/coronavirus/2019-
ncov/vaccines/vaccine-benefits.html (last visited June 15, 2021)—
application of the 3553(a) factors cripples his request and
outweighs any justification for early release.  Here, the factors
that weigh in Alvalle's favor, such as the need to provide
necessary medical care, are overshadowed by the combined force of
"the nature and circumstances of the offense" and the need for
the sentence imposed to "reflect the seriousness of the offense,"

13

"promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).  For the same reasons that necessitated Alvalle's 90-month term of incarceration, which were discussed at his sentencing and are incorporated by reference here, the Court finds that modifying Alvalle's below-Guidelines term of imprisonment when he has served less than one-half of that already-lenient sentence would disserve the above important sentencing factors.  Accordingly, Alvalle's motion is denied. <u>Cf.</u> <u>United States v. Seshan</u>, No. 14 Cr. 620 (JFK), 2020 WL 2215458, at *5 (S.D.N.Y. May 6, 2020) (denying release to 47-year-old despite his "end-stage renal failure and hypertension" and the threat of COVID-19 because, <u>inter alia</u>, the defendant had a history of violence and granting the motion would disserve important § 3553(a) sentencing factors), <u>aff'd</u>, --- F. App'x ---, No. 20-1621, 2021 WL 1711799 (2d Cir. Apr. 30, 2021).

**III.  Conclusion**

For the reasons set forth above, Defendant Johnny Alvalle's motions to vacate, set aside, or correct his sentence and to reduce his sentence and order his immediate release are DENIED.

The Court declines to issue a certificate of appealability because Alvalle has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>Krantz v.</u>

<u>United States</u>, 224 F.3d 125, 127 (2d Cir. 2000). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion & Order by Alvalle would not be taken in good faith. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motions docketed at ECF Nos. 36 and 46 in criminal case 18 Cr. 455 (JFK) and close civil case 20 Civ. 4124 (JFK). The Court will mail a copy of this Opinion & Order to Alvalle today.

**SO ORDERED.**

Dated:   New York, New York
         June 15 , 2021

John F. Keenan
United States District Judge

15